## J. S. RAMSEY ET. AL. v. THE STATE.

### No. 7335.

1. **Sheriff's Costs in Tax Sales to the State.**—Upon redemption of land sold for taxes and bid in for the State the sheriff is only entitled to his costs. No provision is made for the officer to receive interest or double costs and fees.

2. **Same.**—Legislation suggested upon the subject of fees upon tax sales made to the State.

APPEAL from Travis. Tried below before Hon. W. M. Key.

This is a suit brought against the appellant J. S. Ramsey, as collector of taxes for Bexar County, and the sureties on his bond for certain moneys received by him in redemption of lands sold for taxes and bid in by the State. The defense was that the moneys sued for were not recoverable by the State, being his own share of the redemption money. Judgment was rendered for plaintiff below for $304 and costs. Defendants appealed.

*Walton, Hill & Walton,* for appellants.—The case of the State is based on the proposition that by the words "purchase money" in the statutes (article 4759a) is meant the taxes, penalties, and costs, and that in order to redeem the land the owners must have deposited double this amount. In this case the purchase money was so stated, but as a matter of fact the State had not paid the officer's costs. Hence we claim that the purchase money as defined was in part due the State and in part due the collector; and although the State took the deed in its own name, it would if a citizen have been held as a trustee for the collector to the extent that his money entered into the consideration.

The law fixes the terms of redemption from the State. It had previously (article 4758, Revised Statutes) fixed terms for redemption from sales to individuals, and we submit that the two statutes can not be read without seeing their analogy.

The law intends to give the person redeeming from the State within two years no advantage over him who redeems from an individual.

In the case of purchase by individuals the purchaser has paid out the costs and penalties as well as the tax. The State and the officer are paid without delay. It is the purchaser who is held out of the use of his money, and for this delay the law allows him cent per cent. So when the State

has become purchaser the owner must pay cent per cent of the tax, penalty, and costs.

Is it not in the one case as in the other a recompense for delay? If yes, then ought not the compensation for delay to go to the person whose money has been delayed? Ought not the incident to go with the main right? The interest with the debt? The cent per cent to the one on whose money it is computed?

If it be argued that there is no express provision of law authorizing the collector to retain double his costs out of the redemption money, we reply neither is there any express law for his requiring the deposit of his costs as part of the "purchase money." Much less is there for demanding double his costs. So far as the State is concerned, they constitute no part. of the purchase money.

The case of The State v. Moore, 57 Texas, 307, we deem inapplicable to the principle involved here, because no part of the State's dues or penalty thereon is sought to be retained. The moneys retained consist of the officer's dues and the prescribed penalty incident thereto as compensation for delay. The law gives the owner the right to reclaim by payment of double the purchase money. To whom shall he pay? The law responds, "He shall deposit it with the collector." But to whose use? We believe it is to the use, pro rata, of those who paid the purchase money, each receiving the compensation fixed by law for delay for the share of the purchase money contributed by him. Such would be the equitable and reasonable construction of the law.

*J. S. Hogg*, Attorney-General, for appellee.—It was the duty of the tax collector to demand and receive from persons redeeming their lands from tax sales to the State double the amount of the taxes and double the amount of costs of sales; but there being no law authorizing the tax-collector to retain in his hands anything except his costs and commissions, it was his duty to pay over to the Comptroller all of the money thus received except the amount of his costs and commissions as fixed by law. The double costs was a part of the penalty and was due to the purchaser, and the State being the purchaser was and is entitled to the entire penalty and all the money received after the payment of the costs due to the collector.

HENRY, ASSOCIATE JUSTICE.— The appellant was tax collector of Bexar County. As such he sold certain lands for taxes, which were purchased by the State. The State did not pay the collector his costs or commissions. Subsequently the owner redeemed the lands by paying to the collector double the amounts for which they were sold. The tax collector paid to the State the amount received, after deducting double the amount of his own costs and commissions.

The State contends that he was entitled to retain no more than the origi-

nal amounts of costs and commissions due him, and instituted this suit against him and the sureties on his official bond to recover the excess.

Judgment was rendered in favor of the State, and defendants appealed.

It is contended that "the State having received double the amount of taxes for which the lands were sold, has received in full its share of the redemption money, and the costs never having been paid by it constituted no part of the purchase money paid by the State for the lands at tax sale, but the costs, in so far as they became a part of the purchase money, having been contributed by appellant, he was entitled to retain *pro tanto* the redemption money paid him on account of his costs, the cent per cent thereon being his compensation for delay in receiving his share of the purchase money (costs)."

When an individual purchases land at a tax sale he must bid and pay to the collector a sum sufficient to pay the taxes and the costs due the officer.

In the case of Dean v. The State, 54 Texas, 313, it was decided by this court that when the State becomes the purchaser the statute does not intend " that the fees and costs shall in the first instance be advanced by the State." It is there said that " when the lands bid in shall have been redeemed by the owner, the previously unpaid fees and costs, and which are included in the price of the redemption, will be held by the State for the collector. If, however, the lands should not be redeemed by the owner, then it would rest in the wisdom of the Legislature to provide some mode of compensation for him."

The law seems to place the State, so far as its being a purchaser is concerned, and its right to the redemption money paid by the owner, in the same position that any other purchaser occupies. No provision is made for the officer to receive interest or double costs and fees.

The decision above referred to makes a substantial difference in respect to costs and fees due the officer between a purchase by the State and an individual with regard to the collection of but not as to the amount of such costs and fees.

If an individual purchase they are paid at once. If the State purchase, and the land shall not be redeemed by the owner, no provision is made for their payment at all, and if it is redeemed they are not paid until that is done, and then without interest.

The case strongly suggests the propriety of some legislation upon the subject making an equitable provision about the fees and costs due the officer in such cases.

The judgment is affirmed.

*Affirmed.*

Delivered November 25, 1890.